**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSE SANCHEZ SANCHEZ,

Petitioner,

v. Case No. 2:26-cv-02597 KWR-JMR

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR*,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE since January 6, 2026. Petitioner received bond hearings in March and May 2026 pursuant to 8 U.S.C. § 1226(a). Bond was denied. Petitioner challenges his bond decisions, asserting he is not a flight risk. He also asserts his detention is prolonged in violation of due process. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**. Petitioner has not demonstrated that the length of his detention violates his due process rights or entitles him to immediate release.

Petitioner is a citizen of Mexico and is currently detained by ICE at the Otero County Processing Center. He was detained by ICE on January 6, 2026. A removal order was issued on

May 4, 2026. Doc. 9-1 at 17. It appears he appealed the removal order, and his appeal is pending before the BIA.

Petitioner has received two bond hearings pursuant to 8 U.S.C. § 1226(a). Petitioner received his first bond hearing on March 6, 2026. The immigration judge denied bond, stating as follows in his written order:

> Flight risk, respondent failed to appear at a previous court hearing. He is also a danger to the community and although remote in time he has 3 closed DWIs and 1 pending from 2024.

Doc. 9-1 at 11. A second bond hearing was held on May 4, 2026. The immigration judge denied bond, stating "Respondent ordered removed. Flight risk." Doc. 9-1 at 24.

First, it appears that Petitioner challenges the flight risk determination. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory

framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges this finding, as he asserts facts explaining why he is not a flight risk. Doc. 1 at 3-4. The Court lacks authority to review the immigration judge's discretionary determination.

Second, Petitioner asserts that his prolonged detention violates due process. Petitioner was detained on January 6, 2026. But it appears that Respondents treated Petitioner as detained under § 1226(a), and he received two bond hearings in March and May 2026. Petitioner received the remedy for prolonged detention, a bond hearing under § 1226(a). Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a third bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an *additional* bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an *additional* bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022).[1] The Court need not decide which line of cases to follow.[2] Here, Petitioner received a bond hearing approximately four months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release.

[1] The Court notes that these decisions were fact-dependent, and the opinions generally did not rule out finding prolonged detention under different factual circumstances.
[2] Alternatively, the Court would follow *Borbot* and *Rodriguez*.

Notably, in the cases above the remedy contemplated was an additional bond hearing. Petitioner has not asserted that he requested an additional bond hearing and that request was denied.

Alternatively, Petitioner has not demonstrated how his detention is prolonged in violation of due process. Petitioner summarily asserts a due process claim, but does not analyze his claim or submit authority in support of his claim. Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th

Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

Petitioner appears to assert that his prolonged detention violates substantive due process. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United*

*States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747.

In an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.*

Here, Petitioner has been detained for approximately nine months, and he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is merely punitive. Petitioner was detained on or about January 6, 2026. A removal order was issued on May 4, 2026, which Petitioner appealed. Bond hearings were held in March and May 2026 under § 1226(a). Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE